Pfeifer, J.,
dissenting.
{¶ 25} One paragraph from the majority opinion virtually answers the issue before us:
Dr. Steiman opined that Woodman was unable to perform the functions of an office assistant. However, his report did not indicate whether Woodman’s disabling condition was her hearing loss, her vision loss, her paralysis, her memory problems, or some combination of these and other conditions.
Majority opinion at ¶ 9.
{¶ 26} There might be other conditions? Isn’t this sad laundry list of known impairments enough to warrant a declaration that Raeanne Woodman is disabled? Apparently not, because there is “some evidence” that Woodman might not be disabled. That that evidence is flawed because it is based on a test of *374 Woodman’s hearing that was performed under ideal circumstances, not the circumstances attendant to fulfilling her job, is immaterial to the board and the majority. This is not a malingering malcontent. This is a profoundly disabled person who has established that she is no longer capable of performing her job.
Daniel H. Klos, for appellee.
Michael DeWine, Ohio Attorney General, and Matthew T. Green, Senior Assistant Attorney General, for appellants.
{¶ 27} Instead of siphoning money that it collects to pay pension and disability benefits into a fund to pay health-care costs for people who retire before they are eligible for Medicare, the Ohio Public Employees Retirement System should attend to people, like Woodman, who are disabled. I would affirm the just decision of the court of appeals. I dissent.